IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs April 19, 2000

## ISAAC EARL EDGIN v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Montgomery County**
**No. 36960     Robert W. Wedemeyer, Judge**

---

**No. M1999-01620-CCA-R3-PC - Filed February 1, 2001**

---

The petitioner appeals from a Montgomery County trial court's order dismissing his petition for post-conviction relief. He argues that he is entitled to a new trial because, among other things, his trial counsel provided him ineffective assistance of counsel. Because the judgment fails to contain findings of fact and conclusions of law, the order dismissing this cause is reversed and the case is remanded to the trial court for a new post-conviction proceeding.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed and Remanded**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and JERRY L. SMITH, J., joined.

Gregory D. Smith, Clarksville, Tennessee, for the appellant, Isaac Earl Edgin.

Paul G. Summers, Attorney General & Reporter; Clinton J. Morgan, Assistant Attorney General; John Wesley Carney, Jr., District Attorney General; and B. Dent Morriss, Assistant District Attorney, for the appellee, State of Tennessee.

## OPINION

### Introduction

The petitioner, Isaac Earl Edgin, appeals from the Montgomery County trial court's order dismissing his petition for post-conviction relief. Convicted in July 1992 of two counts of aggravated rape, the petitioner now argues that he received ineffective assistance of counsel at trial. The trial court conducted an evidentiary hearing and thereafter issued an order dismissing the petition. After careful review, this Court finds that the trial court's dismissal was not supported by any findings of fact or conclusions of law. We reverse the trial court's dismissal and, because the

prior trial judge is unavailable, we remand for a new post-conviction hearing before a new trial judge to make findings of fact and conclusions of law.

## Procedural History

The instant case arises as an appeal from the Montgomery County trial court's dismissal of a petition for post-conviction relief. The claim relates to petitioner's trial in July 1992 for two counts of aggravated rape. At that trial, the petitioner was convicted of both counts and sentenced to incarceration; however, on appeal, a panel of this Court reversed one of those two convictions for a Brady violation and remanded for new trial. See State v. Isaac Earl Edgin, No. 01C01-9302-CC-00046 (Tenn. Crim. App., filed at Nashville, October 14, 1993). At this juncture, the state appealed that decision to our state's Supreme Court which then reversed the decision of this Court and reinstated the judgment and sentences from the trial court. See State v. Edgin, 902 S.W.2d 387 (Tenn. 1995). On February 13, 1996, while incarcerated and serving those sentences, the petitioner filed a post-conviction relief petition alleging, among other things, ineffective assistance of counsel at trial. The trial court appointed the petitioner counsel on March 13, 1996, and counsel filed an amended petition on July 17, 1996. The trial court conducted a post-conviction relief hearing on March 10, 1997. The trial court ruled on the petition on July 9, 1999. The trial court entered an order denying the petitioner's petition for post-conviction relief. From that denial, the petitioner now appeals to this Court.

## Background Facts

The facts most directly relevant to our disposition of this appeal arise from the trial court's post-conviction relief hearing. However, it is first important to provide some background facts. At the petitioner's trial in July 1992 for the aggravated rapes of his two biological sons, both children testified against him. They related the context and details of the rapes and identified the petitioner, their father, as the perpetrator. However, one of the children went further and testified that another man named "Shawn" had, at different times, molested him as well. This testimony, while not a surprise to the State, surprised the petitioner because the statement naming "Shawn" had not been previously turned over to the defense.

Hearing this surprise testimony, defense counsel did not cross-examine the child about it nor attempt to use it as impeachment evidence; instead, counsel simply let it pass. The petitioner, in his post-conviction proceeding, argues that this response, simply letting it pass, constitutes ineffective assistance of counsel and entitles him to a new trial. Petitioner also argues that this error, when compounded with other trial errors including counsel's failure to ask the Judge to recuse himself, counsel's failure to appeal certain issues, counsel's failure to attack the sufficiency of the indictments, counsel's failure to properly cross-examine the medical witness, and counsel's failure to call certain witnesses, entitle him to a new trial.

## Post-Conviction Proceeding

-2-

The trial court conducted an evidentiary hearing on March 10, 1997, at which both the petitioner and the petitioner's trial counsel testified. The petitioner testified to various errors at trial and on appeal. At times the testimony is difficult to follow, as the errors complained of are numerous. However, from our review of the petitioner's brief in conjunction with the post-conviction relief hearing, we understand the petitioner to complain of at least seven errors in addition to the "Shawn error" outlined above. Those alleged errors are as follows:

1. Counsel failed to ask the trial judge to recuse himself.
2. Counsel failed to appeal the admission of certain "hearsay statements."
3. Counsel failed to attack the sufficiency of the indictments.
4. Counsel failed to effectively cross-examine a medical witness.
5. Counsel failed to call certain witnesses.
6. Counsel failed to address errors concerning the election of offenses at trial.
7. The prosecution was malicious.

At the conclusion of the hearing, the trial court made no findings of fact or conclusions of law but informed each party that they were allowed to file briefs in support of their positions. In his decision, the trial court simply stated that "upon a status review of the 9th day of July, 1999, . . . the court announced that the post-conviction petition was denied. IT IS THEREFORE ORDERED that the pending post-conviction is hereby DENIED." The record on appeal contains no judgment or order evincing any findings of fact or conclusions of law.

### Analysis

Without reaching the merits of this proceeding, we must remand this cause to the trial court for a new post-conviction relief hearing and for the trial court to enter appropriate findings of fact and conclusions of law subsequent to that hearing.

Our Legislature adopted a procedure for conducting post-conviction proceedings, which mandates that

> Upon the final disposition of every petition, the court shall enter a final order, and except where proceedings for delayed appeal are allowed, shall set forth in the order or a written memorandum of the case all grounds presented, and shall state the findings of fact and conclusions of law with regard to each such ground.

Tenn. Code Ann. § 40-30-211(b). This Court has noted the reasons for this mandate as follows:

> The duty to enter findings of fact and conclusions of law as to each ground alleged is mandatory as the appellate courts may only review the findings of the trial court. Not only do the trial court's findings facilitate appellate review, but, in many cases are necessary to such review.

<u>Garrett v. State</u>, No. 01C01-9807-CR-00294, 1999 WL 436828 (Tenn. Crim. App., filed at Nashville, June 30, 1999) (quoting <u>Ronald Bradford Waller v. State</u>, No. 03C01-9702-CR-00054, 1998 WL 743654, at *6 (Tenn. Crim. App., filed at Knoxville, Oct. 15, 1998)).

The trial court below failed to make or enter such findings of fact or conclusions of law as mandated by the Legislature, which are necessary for our review. We take judicial notice that the trial judge who conducted the prior post-conviction relief hearing no longer serves as trial judge for the Criminal Court of Montgomery County and thus cannot now enter findings of fact and conclusions of law upon a remand with instructions to review the previously conducted hearing. Therefore, we reverse the trial court's denial of the petitioner's petition and remand this cause to the trial court for a new post-conviction hearing before a new trial judge to make the appropriate findings and conclusions as to each ground alleged in the petition. Once the new trial judge enters an appropriate order, the petitioner may again appeal as of right, if he so desires.

## Conclusion

Accordingly, the denial by the trial court is reversed, and, because the original trial judge can no longer review the prior hearing and enter appropriate findings and conclusions, this case is remanded for a new post-conviction relief hearing before a new trial judge for the trial court to enter appropriate findings of fact and conclusions of law as required by the Post-Conviction Procedure Act.

_____
JOHN EVERETT WILLIAMS, JUDGE

-4-